A. Franklin Mahoney, J.
The petitioner seeks an order, pursuant to article 78 of the CPLR, annulling and vacating’ the determination of the respondents Office of General Services (OGS) and the Comptroller of the State of New York, awarding a certain contract to the respondent Baughman Manufacturing Company and directing the acceptance of petitioner’s bid.
*921 On December 9,1970 OGS delivered to various manufacturers of material spreaders, including petitioner and respondent Baughman, a bid proposal (SPEC-655) containing detailed specifications for 213 material spreaders to be manufactured for the State Department of Transportation (DOT). The bids submitted were opened on January 20, 1971. Petitioner’s unit price bid was $2,168.78 making a total bid of $461,950.14. Respondent Baughman’s unit price was $1,832 for a total bid of $390,216, some 15%% or $71,734.14 less than petitioner’s gross bid. On May 7, 1971 OGS awarded the contract to Baughman. On January 28, 1971 petitioner’s president wrote a six-page letter to the offices of OGS particularizing the omissions, deviations and departures from the specifications contained in the Baughman proposal. The crux of petitioner’s attack is that respondent Baughman’s departures from the mandatory provisions of the bid proposal that insisted the “ Bidder must submit with his bid in duplicate detailed specifications, circulars and all other necessary data on the equipment he proposes to furnish ”, are so- numerous and necessary to the construction of a material spreader satisfactory to DOT that they amount to noncompliance with the specifications. Next, petitioner contends that the alleged noncompliance with the bid proposal specifications and the conduct of OGS in seeking clarification of some items and additions of others lacking in Baughman’s original bid after the bids were opened, was discriminatory, arbitrary, erroneous and violative to the statutory mandate of section 174 of the State Finance Law and the applicable case law as set forth in Matter of Margrove, Inc. v. Office of Gen. Serv. (51 Misc 2d 596, affd. 27 A D 2d 321). In my view, the conduct of OGS, with the approval of the Comptroller, was not in violation of section 174 of the State Finance Law nor at variance with the law enunciated in Matter of Margrove, Inc. (supra).
Section 174 of the State Finance Law, by its terms, confers on the Commissioner of General Services wide discretionary powers that permit him to weigh the “ reliability of the bidder, the qualities of the articles proposed to be supplied, their conformity with the specifications', the purposes for which required and the terms of delivery ’ ’ as well as the bid price in arriving at a decision that will ‘ ‘ best promote the public interest ”. Similarly, section 32 of the general specifications of the State of New York grants to the OGS Commissioner “ the right to evaluate and/or reject all bids in whole or part, and to waive technicalities, irregularities, and omissions, if, in his judgment, the best interests of the State will be served.” *922 Clearly, it was the legislative intendment that the OGS Commissioner be given reasonable latitude within which discretion and sound judgment exercised within the context of the objective sought would not be disturbed. (Matter of Wager v. State Lig. Auth., 4 N Y 2d 465.) The courts were not intended to be the arbiter of administrative matters where the conduct of the agency is founded on a rational basis. (Matter of Caristo Comtr. Corp. v. Rubin, 15 A D 2d 561, affd. 10 N Y 2d 538.)
Herein, the exercise of discretion by OGrS was approved by the Director of Contracts of the Department of Audit and Control. Indeed, had OGrS not accepted the Baughman bid, lower by $71,734.14 than petitioner’s bid, justification of such decision would have to have been made to the Director of Contracts. In this connection it should be noted that the complaint of petitioner regarding the alleged deficiencies of the Baughman bid was not ignored. Mr. Pickett of OGrS, responding to an inquiry of Mr. Lanahan, Director of Contracts for respondent Comptroller’s office, wrote on April 22, 1971 that “ The claim of Tarrant Manufacturing Company that the Baughman Manufacturing Company did not submit the required information fully with the bid may have some merit, nevertheless, as a matter of policy, this office does ask bidders- for clarification of their proposals pretty much as a routine matter in order to insure that the apparent low bidder complies with the specifications- and that the.State may not be required to- pay excessive prices * * * it is our opinion that their (Baughman) spreader complies with the specifications in all major respects and we have, therefore, awarded the contract to them, particularly in view of the difference in cost of $71,734.” It appears, then, that OGfS did consider the -allegations of noncompliance by petitioner and, while conceding that some variants from specifications were present in the Baughman bid, concluded after inquiry, that such deviations were correctable to a degree that equated with substantial compliance. Further, the specifications required that a “ pre-production installation ” be delivered and tested by the successful bidder. Baughman met this pilot requirement and inspection of same by OGfS and DOT satisfied these departments, that the spreaders to be delivered by Baughman were satisfactory for the purposes for which they were to be used.
The view that the respondent OGfS, with the approval of the respondent Comptroller, exercised sound judgment within the are-a of permissible discretionary powers, is not changed by the case of Matter of Margrove v. Office of Gen. Servs. (51 Misc *923 2d 596, affd. 27 A D 2d 321, supra). In Margrove, OGS awarded a contract to Sealtest whose proposal clearly violated the specifications by stating it would not accept a contract to supply milk to certain State facilities unless it was awarded a contract for all facilities despite the clear admonition of the specifications that separate bids were required for separate institutions. In meeting their demand OGS changed the specifications, a course it did not follow in the case at bar.
In my view, particularly in light of the wide disparity between the amounts of the bid proposals, there was a rational basis for the exercise of judgment by OGS resulting in the award to .respondent Baughman and, in such case, this court is without power to interfere.
The petition is dismissed.