In the Matter of M. CRISTO, INC., and CRISTO BROTHERS, INC., a Joint Venture, Appellant, *v.* STATE OF NEW YORK OFFICE OF GENERAL SERVICES et al., Respondents.

Third Department, November 15, 1973.

*Daniel J. Smitas* (*Leslie F. Couch* for *DiFabio & Couch, P. C.,* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Robert T. Mulig* and *Ruth Kessler Toch* of counsel), for State of New York, respondent.

*DeGraff, Foy, Conway & Holt-Harris* (*John T. DeGraff* of counsel), for Walsh-Corbetta, respondent.

KANE, J. This is an appeal from a judgment of the Supreme Court at Special Term, entered June 15, 1973 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, seeking a judgment directing that certain bids not be opened, and that a contract be awarded to petitioner.

In the month of March, 1973 the Office of General Services advertised for bids for the demolition of two buildings in connection with the South Mall project in the City of Albany. On March 21, 1973 the bids were opened, whereupon the lowest bidder was released because of a mistake, and petitioner became the low bidder at $89,000. The next lowest bid was $133,000. Shortly thereafter, the Office of General Services was advised by the

business representative of Laborers Local No. 190 that petitioner was then involved in a labor dispute with that union with picketing then being conducted and that in the event the contract was awarded to petitioner, the picketing would spread to the South Mall project.

By letter dated March 28, 1973 petitioner was notified that all bids pertaining to the demolition work had been rejected "in the best interests of the State." Thereafter, the Office of General Services directed Walsh-Corbetta, a general contractor at the South Mall project, to solicit bids for the demolition work. The invitation to bid indicates that the demolition work would now be done as subcontract work for Walsh-Corbetta. Petitioner was not invited to bid, and was denied copies of the bid documents by Walsh-Corbetta.

Petitioner then commenced this proceeding to restrain the award of the demolition contract pursuant to the Walsh-Corbetta solicitation, and to compel the Office of General Services to award the contract to petitioner on the basis of its original bid. Special Term dismissed the petition.

Petitioner contends that the rejection of all bids was arbitrary and capricious, in violation of public policy, and not in the best interests of the State. In addition it argues that it has been denied an equal opportunity to compete; that the State could not refuse to award the contract because of petitioner's involvement in a labor dispute; and that the proposed procedure and award would be void as a matter of law. The Office of General Services argues, however, that it was in the best interest of the State to reject all bids since petitioner could not be considered a reliable bidder and complete the contract satisfactorily in view of the labor problems it was experiencing.

We find that this conclusion has no basis in the record. First of all, there is no proof whatsoever in the record as to the nature or extent of the alleged labor dispute, nor is there any showing that efforts were made by the Office of General Services to investigate the labor difficulties to form an independent judgment in the matter. As a consequence, the lowest responsible bidder was eliminated on the statement of a business representative of the union, to the effect, that if Cristo Construction were given the contract for removal of the two buildings on the South Mall premises, that pickets would be put up by Laborers Local No. 190. That statement was interpreted by two officials of the Office of General Services to mean that all construction at the South Mall would be closed down, and, based upon that conclusion, it was determined that all bids should be rejected and

petitioner excluded from the new invitations to bid. In our view it was an abuse of discretion to reject all bids on the facts that were before the awarding agency. If we permit of a bid rejection based on less than well-established facts and sound judgment, we could be sanctioning the elimination of the lowest responsible bidder by an apparent threat of a third party, a result clearly not within the contemplation of section 174 of the State Finance Law or similar statutes (General Municipal Law, § 103; *Apex Ind. Constr. Corp.* v. *Village of Lake George,* 31 A D 2d 670, mot. for lv. to app. den. 23 N Y 2d 647; *Matter of Long Is. Signal Corp.* v. *County of Nassau,* 51 Misc 2d 320).

The judgment should be reversed, on the law and the facts, and judgment granting the relief requested in the petition directed to be entered in favor of petitioner, without costs.

STALEY, JR., J. (dissenting). After the Office of General Services was advised by the business representative of Laborers Local No. 190 that petitioner was then involved in a labor dispute with that union with picketing then being conducted, petitioner was advised of this situation, and subsequently advised the Office of General Services that it could not resolve its labor problem with the union.

The notice to bidders provided that the work to be performed was to be completed 72 days after signing the agreement. The proposed agreement specified that time was of the essence. The State also reserved the right to reject any or all bids if, in its opinion, the best interests of the State would thereby be promoted. Section 174 of the State Finance Law specifically provides that " All bids may be rejected ".

The State could not lawfully refuse to award a contract to a successful bidder solely because it employed nonunion workers (*Apex Ind. Constr. Corp.* v. *Village of Lake George,* 31 A D 2d 670; *Matter of Long Is. Signal Corp.* v. *County of Nassau,* 51 Misc 2d 320), but the record here does not establish that this is the reason that all bids were rejected. The bids here were rejected because the low bidder was in the middle of a labor dispute which it admitted could not be resolved, and the prospects were that picketing would spread to the South Mall project if the contract were awarded. Under such circumstances, the Office of General Services could properly consider that petitioner would not be in a position to complete the work within the time specified, and that, in addition thereto, the entire South Mall project work would be disrupted and delayed. The other bids being considerably higher, it was reasonable for the Office of General Services to determine that it was in the best interests

of the State to reject all bids. (*Matter of Tarrant Mfg. Co.* v. *Office of Gen. Serv. of State of N. Y.,* 67 Misc 2d 920.)

The factors involved here of an existing labor dispute, a time of the essence contract, and delay of an entire project already in progress form a reasonable foundation for the determination, and distinguish this case from *Matter of Long Is. Signal Corp.* v. *County of Nassau* (51 Misc 2d 320, *supra*), which involved only a threat by labor unions to stop work on county public works projects if the contract were awarded to a bidder maintaining a nonunion shop. In that case it was also noted that the low bidder had received a contract identical to the one in question for the year 1964–1965 and had completed its contract without any problems.

The rejection of all the original bids by the Office of General Services is supported by the record, and the relief sought by the petitioner should be denied.

HERLIHY, P. J., SWEENEY and MAIN, JJ., concur with KANE, J.; STALEY, JR., J., dissents and votes to affirm in an opinion.

Judgment reversed, on the law and the facts, and judgment directed to be entered in favor of petitioner, without costs.